UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JIMMIE L. RAMSEY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:15-CV-0013 |
| v. ) | |
| ) | Judge Mattice |
| DION SHOCKLEY, AFISOV ) | |
| KONSTANTIN, and PATRICK FITCH, ) | Magistrate Judge Lee |
| ) | |
| *Defendants.* ) | |
| ) | |

## **MEMORANDUM OPINION**

Before the Court is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

The complaint states that on October 19, 2013, defendant Konstantine came to plaintiff's home to talk about some stolen windows. Plaintiff asked defendant Konstantine if he had an arrest warrant for plaintiff, and defendant Konstantine said that he did not and asked to search plaintiff's house. Plaintiff denied this request and told defendant Konstantine that he needed to get off plaintiff's property because he was trespassing. Plaintiff started to walk away from defendant Konstantine, who then grabbed plaintiff, slammed him to the ground, handcuffed him, and put him in the police car. Defendant Konstantine told plaintiff that he was getting a search warrant,

but plaintiff sat in the police car for two hours and was never shown a search warrant even though defendant Konstantine entered plaintiff's house.

While plaintiff was in the police car, defendant Shockley approached him and asked him to sign a paper to allow defendant Shockley to enter the house. Plaintiff refused and told defendant Shockley that he was also trespassing, but defendant Shockley entered his house anyway. Defendant Fitch likewise entered plaintiff's home after plaintiff told him that he was trespassing and without showing plaintiff any search warrant or arrest warrant. Plaintiff states that he is still going to court on this matter, and that he had a scheduled court date on April 9, 2015. In a supplement to the complaint, plaintiff appears to allege that his arrest violated the Fourth Amendment due to lack of probable cause. Plaintiff does not specify what relief he seeks, but rather asks the Court to provide whatever relief the Court finds is appropriate.

The doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), applies to plaintiff's claims that defendants violated his constitutional rights. Under this doctrine, federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests and the plaintiffs have an adequate opportunity to raise their challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974).

All of the factors supporting abstention are present here. It appears from plaintiff's complaint that state criminal proceedings are pending against him. In the state court, plaintiff may attack all alleged infringements on his rights, constitutional or otherwise, by these defendants, and plaintiff may seek dismissal of any charges he believes result from any unconstitutional arrest and/or any evidence obtained from the

3

search(es) of his home by these defendants, which plaintiff alleges were unconstitutional. If this Court were to find in plaintiff's favor with respect to the allegations in the complaint, any such ruling would undoubtedly undermine the state's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be the first to do so. The Court must, therefore. abstain from such interference. Accordingly, all claims related to plaintiff's ongoing criminal prosecution are **DISMISSED** without prejudice.

Because plaintiff is an inmate in the Lincoln County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Lincoln County to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to

4

payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**SO ORDERED**.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE